UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHIRLEY SAMPLE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BIG LOTS STORES, INC., an Ohio Corporation; PNS STORES, INC., an Ohio Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No: C 10-03276 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket 11 |

　　　Plaintiff Shirley Sample ("Plaintiff"), a former employee of Big Lots Stores, Inc. and PNS Stores, Inc. (collectively "Defendants"), filed the instant representative enforcement action in Alameda County Superior Court, pursuant to California's Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code § 2698, alleging that Defendants violated the California labor laws by failing to properly provide for meal and rest periods and the payment of overtime wages. Defendants removed the action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The parties are presently before the Court on Plaintiff's Motion to Remand. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion and remands the action to state court. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Plaintiff was employed by Defendants as a Customer Service Representative at their Hayward, California, store, where she was classified Plaintiff as a "non-exempt or hourly paid" employee, from September 2006 to May 29, 2009. Compl. ¶ 16. On June 17, 2010, Plaintiff filed the instant "representative enforcement action" action in the Alameda County Superior Court, seeking the imposition of civil penalties under PAGA. She alleges that Defendants failed to provide her "and other aggrieved employees" with the requisite meal and rest periods and failed to properly pay overtime wages, as required by California law. On July 26, 2010, Defendants removed the action under CAFA, which amends the diversity jurisdiction statute by conferring federal courts with jurisdiction over certain class actions commenced in state court.

Plaintiff now moves to remand the instant action on the ground that this is a "representative enforcement action" under PAGA, as opposed to a "class action" under federal or state law, and therefore, is not subject to removal under CAFA. Alternatively, Plaintiff argues that Defendants have not demonstrated that the minimum amount in controversy for CAFA actions has been satisfied. In response, Defendants contend that PAGA actions are similar to class actions, and therefore, are subject to CAFA.[1]

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging a removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S .C. § 1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc.,

---

[1] Defendants separately filed a motion to transfer venue under 28 U.S.C. § 1404(a). Dkt. 12. In view of this Court's ruling on Plaintiff's motion to remand, the Court denies Defendants' motion as moot.

553 F.3d 1241, 1244 (9th Cir. 2009).  Any doubts regarding the propriety of the removal favor remanding the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## III.  DISCUSSION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332."  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  Section 1331 confers federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under § 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States."  28 U.S.C. § 1332(a).

In 2005, Congress enacted CAFA, which, among other things, amended the federal diversity statute to provide federal jurisdiction in class actions.  Under CAFA:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1132(d)(2).  CAFA applies to "class actions," which the statute specifically defines as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or

similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." Id. § 1332(d)(1)(B).[2]

The salient issue presented is whether a representative enforcement action under PAGA is a "class action" subject to removal under CAFA. To resolve this question, it is first necessary to briefly review the history underlying the enactment of PAGA. Prior to 2004, only the state Labor Commissioner could seek relief from employers for violations of the California Labor Code. See Amaral v. Cintas Corp. No. 2, 163 Cal.App.4th 1157, 1173 (2008). Recognizing the limitations resulting from the lack of adequate funding necessary for maximum enforcement of state labor laws, the Legislature determined that it was in "the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts." Arias v. Super. Ct., 46 Cal.4th 969, 980 (2009) (citations omitted). PAGA thus "empowers or deputizes an aggrieved employee to sue for civil penalties 'on behalf of himself or herself and other current or former employees' … as an alternative to [Agency] enforcement...." Dunlap v. Super. Ct., 142 Cal.App.4th 330, 337 (2006) (citations omitted). "Of the civil penalties recovered, 75 percent goes to the Labor and Workforce Development Agency, leaving the remaining 25 percent for the 'aggrieved employees.'" Arias, 46 Cal.4th at 980 (citing Cal. Lab. Code § 2699(i)).

The Ninth Circuit has not yet reached the issue of whether a representative action under PAGA falls within CAFA's definition of a "class action." Nonetheless, the California Supreme Court has held that a PAGA action is distinct from a class action, and therefore, is not subject to the requirements necessary maintain a class action. Arias, 46 Cal.4th at 981. In Arias, the plaintiff filed suit under PAGA for himself and other of

---

[2] CAFA also applies to "mass actions." "[T]he term 'mass action' means any civil action … in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amounts under [28 U.S.C. § 1332(a)]." 28 U.S.C. § 1332(d)(11)(B)(I).

defendants' employees for alleged violations of various Labor Code provisions and regulations, and an Industrial Wage Commission wage order.  On appeal, the supreme court rejected the defendants' contention that the plaintiff's cause of action under PAGA must comport with the requirements applicable to a class action.  In reaching this conclusion, the court highlighted the distinctions between a representative action under PAGA and a class action.  In particular, the court noted that a plaintiff in PAGA claim does not represent a class of employees, but rather, acts "as the proxy or agent of the state's labor law enforcement agencies" with the goal of recovering civil penalties "that otherwise would have been assessed and collected by the Labor Workforce Development Agency." Id. at 986.  In other words, "an aggrieved employee's action under [PAGA] functions as a substitute for an action brought by the government itself." Id. at 986.  In that regard, a PAGA claim serves to vindicate the public through the imposition of civil penalties, as opposed to conferring a private benefit upon the plaintiff and the represented employees. Id.

      Defendants contend that Arias is inapposite because it did not specifically address the issue of whether a PAGA claim is the equivalent of a class action for purposes of CAFA.  Defs.' Opp'n at 10.  While it is true that Arias did not address CAFA per se, the California Supreme Court's decision nonetheless informs the Court's analysis in this case. C.f., Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001) (noting that the California Supreme Court's interpretations of California law are binding on federal courts).  On its face, CAFA applies only to state statutes or procedural rules that are "similar" *to a federal class action* brought under Rule 23.  While Arias may not have directly involved CAFA, it clarifies that a PAGA claim is fundamentally distinct in both purpose and effect from a class action.  Arias, 46 Cal.4th at 986.  "Unlike a class action seeking damages or injunctive relief for injured employees, the purpose of PAGA is to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies." Ochoa-Hernandez v. Cjaders Foods, Inc., No. C 08-2073 MHP, 2010 WL 1340777, at *4 (N.D. Cal. April 2, 2010)

**1**  (citing Arias, 46 Cal.4th at 986) (Patel, J.).  As such, Arias instructs that "PAGA claims are
**2**  law enforcement actions, *not class actions*."  Mendez v. Tween Brands, Inc., No. 2:10-CV-
**3**  00072-MCE-DAD, 2010 WL 2650571, 4 (E.D. Cal., July 1, 2010) (emphasis added).
**4**         Defendants' overly expansively interpretation of CAFA also ignores the purpose and
**5**  intent underlying its enactment.  "Congress passed … [CAFA] 'primarily to curb perceived
**6**  abuses of the class action device which, in the view of CAFA's proponents, had often been
**7**  used to litigate multi-state or even national class actions in state courts."  United Steel,
**8**  Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Service Workers Int'l Union,
**9**  AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090 (9th Cir. 2010) (citation omitted)
**10** (emphasis added); see also S.Rep. No. 109-14, at 43 (2005), reprinted in 2005
**11** U.S.C.C.A.N. 3, 41 (CAFA "is intended to expand substantially federal court jurisdiction
**12** over class actions.  Its provisions should be read broadly, with a strong preference that
**13** *interstate class actions* should be heard in a federal court if properly removed by any
**14** defendant.") (emphasis added).  A suit brought under PAGA does not implicate the
**15** concerns underlying the enactment of CAFA.  By definition, Plaintiff's claim is limited to
**16** Labor Code violations involving employees in California.  Compl. ¶ 17.  Consequently, this
**17** action does not present the scenario that CAFA was intended to address; to wit, the
**18** litigation of a nationwide class action in a state court.  To the contrary, a PAGA action is
**19** limited to California employers which fail to comply with the California Labor Code with
**20** respect to employees in California.  Accordingly, it is appropriate to litigate this case in a
**21** California state court.
**22**        Finally, the Court is unpersuaded by Defendants' contention that the Fifth Circuit's
**23** decision in La. ex rel. Caldwell v. Allstate Inc. Co., 536 F.3d 418 (5th Cir. 2008)
**24** ("Caldwell") compels the conclusion that state statutes like PAGA are automatically
**25** removable under CAFA.  In Caldwell, the State of Louisiana filed a *parens patriae* petition
**26** seeking treble damages against various insurers based on alleged violations of state antitrust

laws.³  Defendants removed the action under CAFA.  Louisiana filed a motion to remand, which was denied.  On appeal, the court of appeal affirmed the district court's ruling, holding that the petition was properly removed under CAFA's "mass action" provision.  Id. at 428-30.  Though recognizing that the action was not commenced as a class or mass action, the court focused on "who are the real parties in interest:  the individual policy holders or the State."  Id. at 429.  To resolve that question, the court noted that the relevant section of Louisiana's Monopolies Act upon which Louisiana was relying expressly authorizes aggrieved policyholder holders to recover treble damages.  Id.  Since the damages being sought to compensate for losses suffered by the policyholders, the court concluded that the policyholders, and not Louisiana, were the real parties in interest.  Id.  The Fifth Circuit concluded:  "Having determined that the policyholders are the real parties in interest, we agree that this action was properly removed under CAFA."  Id. at 430.

Despite Defendants' suggestions to the contrary, Caldwell does not stand for the proposition that all representative actions necessarily are "class actions" subject to removal under CAFA.  Rather, Caldwell simply recognizes that a *parens patriae* action brought by the state may be deemed to be a class action or mass action under CAFA where the state is seeking to recover damages suffered by private parties.  That scenario is not presented here.  Rather, this case involves the opposite situation where an individual litigant is stepping into the role of the state attorney general *on behalf of the State*, to recover civil penalties for the State.  See Cal. Civ. Code § 2699(i).  Unlike the antitrust damages sought on behalf of policyholders in Caldwell, "[PAGA's] civil penalties are not meant to compensate unnamed employees because the action is fundamentally a law enforcement action."  Ochoa-Hernandez, 2010 WL 1340777, at *4.  Given these distinctions, the Court finds that Caldwell is inapposite.

---

³ A sovereign may bring suit on behalf of its citizens as *parens patriae* if it "articulate[s] an interest apart from the interests of particular private parties, "expresse[s] a quasi-sovereign interest" and alleges "injury to a sufficiently substantial segment of its population."  Alfred L. Snapp & Son, Inc. v. Puerto Rico, 458 U.S. 592, 608 (1982).

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand (Dkt. 11) is GRANTED.  The instant action is REMANDED to the Alameda County Superior Court. The Clerk shall close the file and terminate any pending docket matters.

IT IS SO ORDERED.

Dated:  November 29, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge